# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD SETH TRZASKA,  )
        Plaintiff,  )  Case No. 2:10-cv-02268-JCM-GWF
        )
vs.  )  **ORDER**
        )
INTERNATIONAL GAME TECHNOLOGY,  )  **Motion to Stay Discovery - #15**
ANCHOR COIN, INC. and SPIN FOR CASH  )
WIDE AREA PROGRESSIVE, collectively, IGT,  )
        )
        Defendants.  )
_____)

       This matter is before the Court on Defendants' Emergency Motion to Stay Discovery (#15), filed on March 3, 2011; Plaintiff's Reply to Defendants' Emergency Motion to Stay Discovery (#18), filed on March 14, 2011; and Defendants' Reply Brief in Support of Emergency Motion to Stay Discovery (#19), filed on March 17, 2011.

## BACKGROUND

       Plaintiff Edward Trzaska, who is proceeding in proper person, filed his complaint against the Defendants International Game Technology ("IGT"), Anchor Coin, Inc. and Spin for Cash Wide Area Progressive, in the Nevada District Court on July 16, 2010. The Defendants removed the action to Federal District Court on December 31, 2010. Defendants filed their answer to the complaint on January 5, 2011, and thereafter filed their motion for judgment on the pleadings (#7) on January 17, 2011. That motion is now fully briefed and is awaiting hearing and/or decision by the Court.

       Plaintiff's complaint is inartfully and confusingly drafted and the factual basis for his claims against Defendants are not necessarily clear. The Court also recognizes, however, that allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted

by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).   Plaintiff alleges that in or about October 2007, employees of Defendants "knowingly and willfully engaged in malicious, vindictive and selective ways, in their false pursuit and fabrications of contrivances of crimes against the plaintiff." *Complaint (#1), page 2, lines 6-7.* Plaintiff alleges that the Defendants' employees falsely told law enforcement officers in Iowa that gaming machines found in his vehicle were stolen and that Defendants did not sell or discard the gaming machines, but instead destroyed them.  The complaint arguably alleges that these false statements resulted in Plaintiff's conviction in Iowa for felony theft of gaming equipment.[1]  The complaint also appears to allege that Defendants made false statements to Nevada law enforcement authorities that resulted in the issuance of search warrants in which Nevada Gaming Control agents allegedly seized stolen gaming machines from Plaintiff's storage units.  There is no indication in the complaint that Plaintiff was prosecuted in Nevada.  His response to Defendants' motion for judgment on the pleadings indicates, however, that criminal charges against him in Nevada were begun in 2008 and are apparently still pending on appeal. *Reply (#11), page 10, lines 16-25.* Plaintiff alleges that the gaming devices in his possession were discarded and abandoned by Defendants and he was therefore wrongfully accused of possessing stolen property.[2]  The complaint alleges claims for declaratory relief, injunctive relief, breach of dereliction of duty to investigate properly, and for violations of 42 U.S.C. Sections 1983, 1985 and 1986.   Plaintiff's request for injunctive relief appears to be limited to a request that Defendants be required to pay him damages.

Defendants cite a number legal grounds in support of their motion for judgment on the pleadings.  First, Defendants argue that to the extent Plaintiffs' Section 1983 claim is based on his allegedly unlawful arrest and conviction in Iowa, it is not cognizable under *Heck v. Humphrey*, 512

---

[1] It appears that Plaintiff pled guilty.

[2] Defendants state that they do not sell or lease the gaming machines discussed in Plaintiff's complaint, but only place them for use, under a contractual agreement with licensed operators. Once the contract or license ends, Defendants remove the machines from the premises of the licensees and retain possession of them.  The machines are never sold as used equipment. *Motion for Judgment on the Pleadings (#7), Exhibit B.*

U.S. 477, 114 S.Ct. 2364 (1994).  Second, Defendants argue that Plaintiff's claims under Sections 1983 and 1985 are barred by the two year statute of limitations and his claim under Section 1986 is barred by a one year statute of limitations.  Next, Defendants argue that Plaintiff's complaint does not allege viable claims for a conspiracy under Section 1983 between the Defendants, who are private persons, and state law enforcement officers, and also fails because Plaintiff has not alleged the deprivation of a specific constitutional right.  Defendants also argue that the complaint fails to allege viable claims under Sections 1985 and 1986, and does not allege viable claims  under the federal criminal statutes cited in the complaint.  Plaintiff appears to argue that his complaint is not based on Defendants' allegedly false statements that resulted in his Iowa conviction, but is based on Defendants' false statements to Nevada authorities that resulted in seizure of his property in Nevada.  Plaintiff also argues that his claims are not barred by the statutes of limitations because the Nevada prosecution against him was not commenced until 2008.

## DISCUSSION

Defendants move to stay all discovery in this case pending the decision on their motion for judgment on the pleadings (#7).  In support of their motion, Defendants cite the undersigned's previous decision in *US Philips Corp. v. Synergy Dynamics Int'l, LLC*, 2006 WL 3453225, *3 (D.Nev. 2006), in which the court stated that "[t]he party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied. *Skellerup Industries Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D.Cal. 1995), citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 419 (9th Cir. 1975)."  This Court also cited the factors listed in *Skellerup* and *Hachette Distribution, Inc. v. Hudson County News Company, Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y.  1991), as those which should be considered by the court in deciding whether a motion to stay discovery should be granted.

Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a potentially dispositive motion.  In *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-6 (D.Nev. 1997), the court, quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989), stated:

3

> To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: "A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir.1981), *cert denied,* 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *B.R.S. Land Investors v. United States,* 596 F.2d 353 (9th Cir.1979). (Emphasis added).
>
> * * *
>
> Finally, a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when **jurisdiction, venue, or immunity** are preliminary issues. (citation omitted)

*Turner Broadcasting* further stated:

> "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)." *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal. 1990).
>
> "The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461." *Id.* Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding of the likelihood of success on the motion. This would circumvent the procedures for the resolution of such a motion. *Id.* Such a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value. *Id.* Such does not appear to be the case here.

Federal district courts in the Eastern and Northern Districts of California apply a two-part test in evaluating whether discovery should be stayed. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. If the moving party satisfies these two prongs, the court may issue a protective order. Discovery should proceed if either prong of the test is not met. *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743, *6 (E.D.Cal. 2011), citing other decisions applying the two-part test or variations thereof.

The court in *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.*, 2011 WL 130228, *4 (E.D.Cal. 2011), states that in applying the two-part test, it must take a "peek" at the merits of the pending motion in order to assess the validity of the stay of discovery motion. A merely colorable defense usually will not qualify to stay discovery. Generally, there must be *no question*

in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed. This view is consistent with *Turner Broadcasting System, Inc. v. Tracinda Corp.* and *Twin City Fire Ins. v. Employers Insurance of Wausau.*

Some federal courts apply a more lenient standard in deciding whether discovery should be stayed pending a decision on a potentially dispositive motion. In *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D.Cal. 2000), the district court adopted the test set forth in *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997), which states that the court should take a preliminary peek at the merits of the allegedly dispositive motion "to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." *Ameritel Inns v. Mofat Bros. Plastering, L.C.*, 2007 WL 1792323, *4 (D. Idaho 2007) states a *clear possibility* of success means that "Defendant's motion is nearly below but does not necessarily exceed a 'fifty percent chance' of success." Other district courts have suggested that a stay of discovery may be granted where the potentially dispositive motion "'appears to be not unfounded in the law.'" *Brooks v. Macy's, Inc.*, 2010 WL 5297756, *2 (S.D.N.Y. 2010).

While a more lenient standard may avoid the burden and expense of discovery in cases that are ultimately dismissed on the pleadings, this Court concludes that it should continue to abide by the stricter standard set forth in *Turner Broadcasting and Twin City, supra.* First, these decisions are consistent with long standing Ninth Circuit case law and have not been rejected or modified by other judges in this District. Second, as the court in *Gray v. First Winthrop Corporation*, 133 F.R.D. 39, 40 (N.D.Cal. 1990) stated, motions to dismiss are a frequent part of federal practice. In the post *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) era, this statement is even more true. An overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases. This is particularly true where no discovery requests have yet been served and the court lacks the ability to assess the breadth of the discovery and the prejudice, if any, that a defendant will suffer in responding to the requests. *See Brooks v. Macy's, Inc.* at *2. This Court also believes that the two-part test applied in the Eastern and

. . .

Northern Districts of California provides the appropriate framework for deciding motions to stay discovery pending the decision on a motion to dismiss or similar motion.

The strongest argument in favor of a stay of discovery in this action is Defendants' assertion that Plaintiff's complaint is not viable under *Heck v. Humphrey*, 512 U.S. 477, 486-7 114 S.Ct. 2364, 2372 (1994). The Supreme Court in *Heck* held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A defense to a Section 1983 action based on *Heck* is a preliminary matter, similar to a defense based on lack of jurisdiction or immunity from suit. Although Plaintiff has not specifically alleged a state common law claim for malicious prosecution, a claim for malicious prosecution under Nevada law also requires that the underlying criminal proceedings have terminated in plaintiff's favor. *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002); *Funches v. McDaniel*, 2010 WL 4386959, *3 (D.Nev. 2010).

Plaintiff's complaint appears to allege that Defendants' false statements to law enforcement officers caused him to be charged and convicted of theft in the Iowa state court. There is no indication that the conviction has been reversed, expunged, declared invalid or called into question by a federal court in a habeas proceeding. Therefore, to the extent that Plaintiff's Section 1983 or other civil rights claims are predicated on his allegation that he was wrongfully convicted for possession of stolen property, the Court is convinced that his complaint is without merit and that Defendants' motion for judgment on pleadings will be granted.

The basis for Plaintiff's claims regarding Defendants' alleged conduct in Nevada is unclear. It appears from Plaintiff's response to Defendant's underlying motion, however, that he was also charged and apparently convicted in the Nevada court for possession of stolen property found in his storage units and that the case is presently on appeal. *Reply (#11), page 10*. Because it also appears that these claims are subject to dismissal under *Heck v. Humphrey*, a stay of discovery

is also appropriate.³  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Emergency Motion to Stay Discovery (#15) is **granted**, and discovery in this action is stayed pending the Court's decision on Defendants' Motion for Judgment on the Pleadings (#7).

DATED this 28th day of March, 2011.

                                               _____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

³ The District Judge may find that clarification is required regarding the status of the criminal proceedings, if any, against Plaintiff in Nevada, or that discovery is needed to clarify the status of those proceedings. Consistent with the two-part test adopted above, such discovery should be permitted if needed to resolve the underlying motion.