**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EDWARD SETH TRZASKA,

    Plaintiff,

v.

INTERNATIONAL GAME TECHNOLOGY, et al.,

    Defendants.

2:10-CV-2268 JCM (GWF)

**ORDER**

Presently before the court is defendants International Game Technology, Anchor Coin Inc., and Spin for Cash Wide Area Progressive 's (hereinafter collectively referred to as "IGT") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12© (doc. # 7). Plaintiff Edward Seth Trzaska filed an opposition to defendants' motion (doc. # 11), and defendants filed a reply (doc. #12).

Plaintiff filed his pro se complaint against defendant IGT claiming his civil rights were violated under (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1985; (3) 42 U.S.C. § 1986; and (4-6) 18 U.S.C. §§ 241–243 (doc. #1-2 ). Plaintiff also makes claims for (7) injunctive relief; (8) declaratory relief; and (9) breach of a fiduciary duty for "failure to investigate properly" (doc. #1-2).

**I.      MOTION FOR JUDGMENT ON THE PLEADINGS (doc. #7)**

Under Fed. R. Civ. P. 12©, "after the pleadings have closed–but early enough to not delay trial–a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate

**James C. Mahan**
**U.S. District Judge**

when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios Inc. v. Ricard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The standard of review for judgment on the pleadings is viewed in the same light as that of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). To survive this motion, the complaint must demonstrate how plaintiff is entitled to relief, and must do so by providing the court with "more than labels and conclusions, and a formulaic recitation" of the elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The motion can be granted only if the facts, taken as true, clearly show that the party is entitled to prevail. *Austad v. U.S.*, 386 F.2d 147, 149 (9th Cir. 1967). Furthermore, "[p]ro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Woods v. Carey*, 525 F.3d 886, 889–890 (9th Cir. 2008).

Here, as plaintiff has filed pro se, his complaint is to be construed liberally. However, pro se status "does not exempt a party from compliance with relevant rules of substantive law."*Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (*citing Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

### A.     Plaintiff's First Claim – 42 U.S.C. § 1983

In his complaint, plaintiff claims a violation of his civil rights under 42 U.S.C. § 1983 (doc. #1-2). The defendant asserts such a claim fails because it is incognizable under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), barred by the statute of limitations, and fails to state a claim under § 1983 (doc #7).

#### 1.     **Cognizableness Under *Heck v. Humphrey***

Plaintiff's claims arise out of IGT's involvement in plaintiff's conviction for a 2nd degree felony in Iowa (doc. #1-2). For a claim that implicates the validity of a state court conviction to be cognizable, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Moreover, when a state prisoner seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. . . ." *Id.*

Here, plaintiff has not even challenged the validity of his conviction in Iowa. A finding that would award plaintiff damages for IGT's alleged wrongdoings during the investigation of that crime in Iowa would necessarily bring into question the validity of the conviction. Therefore, before plaintiff can make a claim under § 1983, he must prove that his conviction has been overturned. Absent such a showing, the plaintiff's claim under § 1983 is incognizable, warranting judgment in favor of defendant.

### 2.   **Statute of Limitations**

The statute of limitations for claims brought pursuant to § 1983 is two (2) years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). Claims under § 1983 that are governed by *Heck* cognizableness do not start the clock for statute of limitations until the conviction is overturned. *Heck,* 512 U.S. at 489.

Here, plaintiff's claim is incognizable under *Heck*. Accordingly, the statute of limitations will not begin until and unless the plaintiff's conviction in Iowa is overturned.

### 3.   **Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege (1) he was deprived of a right secured by the Constitution or federal statute, and (2) that the alleged deprivation was committed under color of state law. *American Manuf. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The Ninth Circuit has recognized three tests to determine if an action by a private party is under color of state law: the joint action test, the symbiotic relationship test, and the public function test. *See Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1210 (9th Cir. 2002).

**James C. Mahan
U.S. District Judge**

- 3 -

Here, plaintiff does not allege the deprivation of any specific constitutional or federal right. The complaint merely alleges generally that plaintiff's civil rights and constitutional rights were violated under 42 U.S.C. § 1983 (doc #1-2). This is insufficient because § 1983 does not provide any substantive rights on its own. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979). Furthermore, even if a deprivation of a right was pled in the complaint, the § 1983 claim would still fail because IGT did not act under color of state law under any of the Ninth Circuit's tests.

### a. Joint Action Test

The joint action test requires a private party to be a "willful participant" with state actors, and the private party's actions must be "inextricably intertwined" with the state actors' actions in an activity that deprives an individual of his constitutional or federal rights. *Id.* at 1211. A conspiracy between the private party and the state may also satisfy the joint action test if there is "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambrello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002); *see Brunette*, 295 F.3d at 1211 (stating conspiracy also satisfies joint action test). To be considered to be in joint activity with the state, the private actor needs to have some control over the state actors' decision making. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1357 (9th Cir. 1981).

Here, there is no evidence presented that IGT's actions were "inextricably intertwined" with the actions of the Iowa police. Nothing suggests that IGT had any control over the decision making of the Iowa police—its employee merely answered the officers' questions. This is not sufficient to constitute joint action. *See Lee v. Town of Estes Park*, 820 F.2d 1112, 1115 (10th Cir. 1987) (providing information to police is not enough to render a private actor liable under § 1983). Furthermore, there is nothing in the complaint beyond conclusory statements that suggests that a conspiracy occurred between IGT and any state actor. Therefore, IGT did not act under color of state law according to the joint action test.

James C. Mahan
U.S. District Judge

- 4 -

### b. *Symbiotic Relationship Test*

For a private party to act under color of state law under the symbiotic relationship test, the government must have "so far insinuated itself into a position of interdependence [with a private entity] that it must be recognized as a joint participant in the challenged activity. . . ." *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 725 (1961). The symbiotic relationship is often created via financial dependence or ultimate control by either the state or private entity over the other. *See Brunette*, 294 F.3d at 1213.

Here, the fact that IGT provided information to police during an investigation does not rise to such a level that it would be considered a "position of interdependence." There are no allegations of financial dependence or rendering of indispensable services. Therefore, IGT did not act under color of state law according to the symbiotic relationship test.

### c. *Public Function Test*

Private action is considered to be under the color of state law if it is traditionally considered to be the "exclusive prerogative" of the state. *See Brunette*, 294 F.3d at 1214.

Providing information to the police cannot be considered to be a function of the state, much less the "exclusive prerogative" of the state. Accordingly, IGT did not act under color of state law according to the public function test.

**B.     Plaintiff's Second Claim – 42 U.S.C. § 1985**

There are three subsections of 42 U.S.C. § 1985. Plaintiff does not make clear under which subsections he is stating a claim, but only § 1985(3) could be applicable to the case at hand. To prove a § 1985 conspiracy between a private party and the government, the plaintiff must show an agreement by the defendants to violate the plaintiff's constitutional rights. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). An "insidiously discriminatory, racial, or class-based animus" must be alleged to state a claim under § 1985(3). *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 834-35 (1983). Furthermore, the absence of a § 1983 deprivation of rights necessarily precludes a claim under § 1985(3). *Caldeira*, 866 F.2d at 1181. The statute of limitations for a § 1985 claim is two years in Nevada. *Chacas v. City of Ely,* 615 F. Supp. 2d 1193, 1203 (D.

James C. Mahan
U.S. District Judge

- 5 -

1  Nev. 2009).

2  Here, plaintiff's complaint does not set forth a conspiracy by the defendant and any other
3  actor to violate the plaintiff's constitutional rights. The plaintiff claims that he was "singled out" and
4  that the unlawful acts of the defendant caused him to lose his right to life, liberty, freedom and
5  property (doc #1-2). There is no evidence of any agreement made by the defendant, and the plaintiff
6  does not claim that he was "singled out" for any discriminatory, racial, or class-based animus.
7  Furthermore, plaintiff has failed to successfully state a claim for deprivation of rights under § 1983.
8  Moreover, the plaintiff's § 1985 claim is barred by the two year statute of limitations. Accordingly,
9  the plaintiff's claim under 42 U.S.C. § 1985 must fail.

10  **C.    Plaintiff's Third Claim – 42 U.S.C. § 1986**

11  Parties who fail to prevent conspiracies to violate the civil rights of other people may be held
12  liable under § 1986. *Delta Sav. Bank. v. U.S.*, 265 F.3d 1017, 1024 (9th Cir. 2001). The failure to
13  establish any § 1985 right necessarily means that a §1986 claim must fail. *Dowsey v. Wilkins*, 467
14  F.2d 1022, 1026 (5th Cir. 1972). A claim under § 1986 must be brought within one year of the
15  alleged conspiracy. *Chachas,* 615 F. Supp. 2d at 1203.

16  Here, the plaintiff does not successfully state a claim for relief under § 1985, as there are no
17  sufficient allegations of a conspiracy to violate the plaintiff's rights. Moreover, the plaintiff's § 1986
18  claim is barred by the one year statute of limitations. Accordingly, the plaintiff's claim under 42
19  U.S.C. § 1986 must fail.

20  **D.    Plaintiff's Fourth, Fifth, and Sixth Claims – 18 U.S.C. §§ 241-43**

21  Plaintiff's claims for relief under 18 U.S.C. §§ 241-243 must fail because these are criminal
22  statutes which provide no basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.
23  1980); *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 26n.3 (3d Cir. 1989).

24  **E.    Plaintiff's Seventh and Eighth Claims – Injunctive and Declaratory Relief**

25  Plaintiff asks the court for declaratory relief in his complaint. He seeks payment for his
26  personal income, business income, and property losses (doc #1-2). Declaratory relief is a form of
27  relief which is not intended to "furnish [plaintiffs] with a second cause of action for the

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  determination of identical issues." *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (1968).
2  Therefore, the plaintiff's claim for declaratory relief cannot be sustained.

3  The plaintiff's complaint also asks for injunctive relief, but it is unclear what he wishes to
4  be enjoined, as he merely restates his requests for declaratory relief (doc. #1-2). Regardless,
5  injunctive relief is a remedy, and not an independent cause of action. *In re Wal-Mart Wage & Hour*
6  *Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Even if he were seeking
7  a preliminary injunction of some sort, there is no evidence establishing that he is likely to succeed
8  on the merits–an essential element for injunctive relief. *Winter v. Natural Resources Defense*
9  *Council, Inc.*, 129 S.Ct. 365, 374 (2008).

10  Both injunctive and declaratory relief are remedies and not claims for relief. Accordingly,
11  this court need not determine whether the plaintiff is entitled to such relief at this juncture.

12  **F.   Plaintiff's Ninth Claim – Breach of Fiduciary Duty**

13  Plaintiff alleges a breach of fiduciary duty for "failure to investigate properly." To state a
14  claim for breach of a fiduciary duty a plaintiff must show (1) a fiduciary duty exists; (2) the
15  defendant breached that duty; and (3) plaintiff suffered damages because of that breach. *Petrello v.*
16  *White*, 344 Fed. Appx. 651, 653 (2d Cir. 2009). It is unclear what plaintiff means by "failure to
17  investigate properly," but a police officer's failure to investigate a plaintiff's case is not by itself a
18  constitutional violation. *Robinson v. Rome*, 2011 U.S. Dist. LEXIS 43784, *5-6 n.2 (E.D.N.Y. Apr.
19  20, 2011, decided).

20  Here, plaintiff fails to allege any facts that would show there was any duty owed to plaintiff
21  by defendant, or any fiduciary relationship between plaintiff and defendant. Defendant does not owe
22  a duty to investigate before providing information, and thus cannot breach a duty not owed.
23  Accordingly, the plaintiff's claim for a breach of fiduciary duty must fail.

24  In addition, from the context of the claim, it appears that the plaintiff may be claiming
25  wrongful prosecution (doc #1-2, compl. at 8). Defendant would be considered an informer under
26  a wrongful prosecution claim, and "when a private person gives to a prosecuting officer information
27  that he believes to be true. . . the informer is not [subject to liability for malicious prosecution]."

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

*Randall v. Lemke*, 311 Ill. App. 3d 848, 851 (2000). Regardless of whether the informer believed the provided information was true, a finding of guilty is an absolute defense for wrongful prosecution. *Sessoms v. Union Sav. & Trust Co.*, 338 F.2d 752, 756-57 (6th Cir. 1964).

Here, plaintiff cannot succeed in a claim for wrongful prosecution. While plaintiff wishes to bring evidence to show the defendant provided false information that led to plaintiff's arrest (doc. #11), it is moot because the plaintiff was found guilty of the crime for which he was arrested. That finding has not been overturned or appealed. Accordingly, any claim for wrongful prosecution must fail.

## II.   LEAVE TO AMEND

Here, pro se plaintiff asks this court for leave to amend his complaint. As previously stated, his complaint is to be construed liberally, but pro se status "does not exempt a party from compliance with relevant rules of substantive law." *Birl*, 660 F.2d at 593 (*citing Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Nevertheless, the usual practice to allow leave to replead upon granting a motion to dismiss extends to motions for judgment on the pleadings. *See Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch, Co*. 292 F. Supp. 2d 535, 555 (S.D.N.Y. 2003). Even so, "leave to amend may be denied if a court determines that 'allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (*quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). If claims are time-barred, then they cannot be cured by amendment and should be dismissed. *Calhoun v. Dep't of Corr.*, 402 Fed. Appx. 196, 196 (9th Cir. 2010).

In the case at hand, plaintiff's claims under 42 U.S.C. § 1983, § 1985, and § 1986 are time-barred by the relevant statutes of limitations. *Perez*, 869 F.2d at 426; *Chacas,* 615 F. Supp. 2d at 1203. The claims under 18 U.S.C. §§ 241-43 likewise cannot be cured through alleging different facts, because the criminal statutes do not provide for a private cause of action. *Aldabe*, 616 F.2d at 1092. Claims for injunctive and declaratory relief are inapplicable at this juncture of the proceedings and could not be fixed through amendment. Further, plaintiff was found guilty of his crime, and has not filed an appeal. Thus his ninth claim is also unable to be cured.

James C. Mahan
U.S. District Judge

- 8 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants International Game Technology, Anchor Coin Inc., and Spin for Cash Wide Area Progressive's motion for judgment on the pleadings (doc. #7) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that judgment be entered in favor of defendants International Game Technology, Anchor Coin Inc., and Spin for Cash Wide Area Progressive.

DATED June 23, 2011.

_____
**UNITED STATES DISTRICT JUDGE**